52 F.3d 324
 151 L.R.R.M. (BNA) 2736
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Hassan ALEEM, Plaintiff-Appellant,
v.
INTERNATIONAL UNION OF AMERICAN FEDERATION OF STATE, COUNTY
AND MUNICIPAL EMPLOYEES; Gerald W. McEntee, President of
International Union of AFSCME; John Seferian, Chairperson
of the Judicial Panel; Ralph Mendez, President of Local
121, an affiliate of AFSCME; Raymond Welborne, President of
Local 1227, an affiliate of AFSCME, Defendants-Appellees.
 
 No. 94-1995.
 United States Court of Appeals, Sixth Circuit.
 April 7, 1995.
 Before: KEITH, MARTIN, and GUY, Circuit Judges.
 
 ORDER
 
 1
 Hassan Aleem, proceeding pro se, appeals a district court judgment dismissing his action alleging violations of the Labor Management Reporting and Disclosure Act (LMRDA), 29 U.S.C. Secs. 401-531. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Before Aleem filed suit, a judicial panel of the American Federation of State, County and Municipal Employees (AFSCME) concluded that Aleem had violated the AFSCME constitution and suspended his membership for two years. Aleem did not exercise his right under the AFSCME constitution to appeal to the full judicial panel or his right to file charges. Thereafter, seeking monetary and equitable relief, Aleem sued AFSCME, its president (McEntee), the chairperson (Seferian) of the Judicial Panel, the president (Mendez) of Local 121, an affiliate of AFSCME, and the president (Welborne) of Local 1227, also an affiliate of AFSCME. Aleem alleged that the defendants violated his rights to due process and equal protection when: 1) they conspired to suspend his AFSCME membership; and 2) defendant Welborne violated his rights by charging him with a union violation after Aleem allegedly assisted in initiating a case on behalf of three members of Local 1227 who had been laid-off by the City of Detroit.
 
 
 3
 Upon review of the defendants' motions to dismiss (including defendant Welborne's motion to dismiss or in the alternative for summary judgment), a magistrate judge recommended that the district court grant summary judgment in favor of defendant Welborne as Aleem's claims are without merit, and that it dismiss Aleem's claims against the remaining defendants because he had not exhausted his internal union remedies. Over Aleem's objections, the district court granted summary judgment in favor of defendant Welborne and dismissed the remaining defendants. On appeal, Aleem essentially reasserts his same claims.
 
 
 4
 Upon review, we conclude that the district court properly dismissed defendants AFSCME, McEntee, Seferian and Mendez. This court renders de novo review of a district court's judgment dismissing a complaint pursuant to Fed.R.Civ.P. 12(b)(6). See Sinay v. Lamson & Sessions Co., 948 F.2d 1037, 1039-40 (6th Cir.1991). Construing the complaint in the light most favorable to the plaintiff, and accepting all of his factual allegations as true, we conclude that the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief against these defendants. See Meador v. Cabinet for Human Resources, 902 F.2d 474, 475 (6th Cir.), cert. denied, 498 U.S. 867 (1990). This is so because Aleem has not exhausted his internal union remedies prior to seeking redress in the federal courts. See Holmes v. Donovan, 984 F.2d 732, 738 (6th Cir.1993). Moreover, he has not established that the internal union remedies are inadequate or that the union has taken a consistent position against him in several litigated actions. See Shimman v. Miller, 995 F.2d 651, 654 (6th Cir.1993), cert. denied, 114 S.Ct. 925 (1994); Verville v. International Ass'n of Machinists & Aerospace Workers, 520 F.2d 615, 620 (6th Cir.1975).
 
 
 5
 As for his claim against Welborne, we initially note that Aleem has stated legally cognizable claims against Welborne because the LMRDA permits a union member to file a suit against individual defendants who violate the member's rights under 29 U.S.C. Sec. 411. 29 U.S.C. Sec. 412; Rosario v. Amalgamated Ladies' Garment Cutters' Union, Local 10, 605 F.2d 1228, 1246-47 (2d Cir.1979), cert. denied, 446 U.S. 919 (1980).
 
 
 6
 Nonetheless, we conclude that the district court properly granted summary judgment in favor of Welborne. See Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986). The LMRDA permits a union to institute reasonable exhaustion requirements. See 29 U.S.C. Sec. 411(a)(4). Thus, defendant Welborne properly charged Aleem with instituting or urging others to institute a lawsuit against a union body or officer without first exhausting all internal remedies and with interfering with a union official's discharge of his lawful duties.
 
 
 7
 Accordingly, we hereby affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.